**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| SHUKRIDDIN IBROGIMOV,<br><br>Petitioner,<br><br>v.<br><br>LEONARD ODDO, *et al.*,<br><br>Respondents. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Case No. 3:26-cv-1271<br>Judge Marilyn J. Horan |

**ORDER**

Presently before the Court is Petitioner Shukriddin Ibrogimov's ("Petitioner") Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 (ECF No. 1), Respondents' Response (ECF No. 6), and Petitioner's Reply (ECF No. 9). The petition is now fully briefed; and thus, ripe for disposition. Upon review of the parties' arguments, the Court will **GRANT IN PART** Petitioner's Petition for Writ of Habeas Corpus.

Petitioner is a detainee at Moshannon Valley Processing Center ("MVPC") in Philipsburg, Pennsylvania. ECF No. 1, p. 1. A citizen of Tajikistan and Russia, Petitioner entered the United States in March 2023 through Eagle Pass, Texas. ECF No. 6, p. 1. On or around July 11, 2025, Petitioner was taken into immigration custody in Philadelphia, Pennsylvania. ECF No. 1, p. 5; ECF No. 6, p. 1.

On October 3, 2025, an immigration judge denied all forms of relief and ordered petitioner removed to Tajikistan or Russia. ECF No. 6-2, p. 16. On or around October 31, 2025, Petitioner filed an appeal to the Board of Immigration Appeals ("BIA"). ECF No. 1, p. 5. As of last update from the parties, this appeal appears to still be pending. *Id.*; ECF No. 6, p. 5.

In his petition and subsequent reply, Petitioner contends that he should be classified as a § 1226(a) detainee, rather than a § 1225(b) detainee, and is thus owed a bond hearing. ECF No. 1, p. 6. He also asserts that, regardless of the detention statute applied, his detention has become unconstitutionally prolonged and violates due process under the four-factor test in *German Santos v. Warden Pike County Correctional Facility*, 965 F.3d 203 (3d Cir. 2020). *Id.* at 6, 13-15.[1] As relief, Petitioner asks the Court to order his immediate release or, in the alternative, grant a bond hearing where the "government will bear the burden of proof." *Id.* at 7.

In turn, Respondents assert that "[b]ecause Petitioner is subject to mandatory detention under 8 U.S.C. § 1225(b)(2)(A), the Court should not review his detention under the four-factor test the Third Circuit set out in *German Santos*[.]" ECF No. 6, p. 3. They also claim that "[e]ven if the Court were to apply those factors here, however, they weigh in favor of Respondent[s] and against Petitioner." *Id.* at 4.

First, for the reasons stated in the Court's prior decision *Deh v. Warden Moshannon Valley Processing Center, et al.*, No. 3:26-CV-00738-MJH, 2026 WL 1255947 (W.D. Pa. May 7, 2026) and by the Third Circuit in *Buele Morocho v. Warden Philadelphia FDC*, 189 F.4th 287 (3d Cir. 2026), the Court finds that Petitioner is properly detained under § 1226(a), rather than § 1225(b), and is thus owed a bond hearing. *See Buele Morocho*, 189 F.4th at 299 ("The INA's broader

---

[1] Petitioner also alleges that he receives insufficient medical treatment at MVPC and that the immigration judge "violated [his] due process right to a full and fair [removal] hearing by denying reasonable opportunities to prepare and present material evidence." ECF No. 1, 12-13. Neither of these claims, however, can be raised in a habeas petition before a district court. *See Kayian v. Thompson*, No. CV 23-21623 (KMW), 2024 WL 64777, at *1 (D.N.J. Jan. 5, 2024) ("Claims asserting inadequate medical care are thus generally not cognizable in a habeas proceeding…and courts must decline to exercise habeas jurisdiction over cases asserting such claims."); *Gomez v. Barr*, No. 1:19-CV-01818, 2020 WL 1504735, at *1 (M.D. Pa. Mar. 30, 2020) (holding that a district court "may not examine 'the exercise of discretion or weight of the evidence in the underlying removal proceedings'" (quoting *Bakhtriger v. Elwood*, 360 F.3d 414, 424 (3d Cir. 2004))). As such, the Court lacks jurisdiction to evaluate these two claims.

statutory scheme also supports the conclusion that § 1225(b) governs noncitizens arriving to the United States whereas § 1226 governs those already within our borders."). Yet the Court's analysis will not stop there.

Utilizing the *German Santos* framework, this Court and other courts in this District have previously concluded that Third Circuit precedent does not categorically foreclose a burden-shifted bond hearing for § 1226(a) detainees experiencing prolonged detention. *See, e.g.*, *Bah v. Oddo*, No. 3:26-CV-01393, 2026 WL 2561261 (W.D. Pa. Aug. 31, 2026); *Fadel v. Warden of Moshannon Valley ICE Processing Ctr*., No. 3:26-cv-00625, 2026 WL 1649901, at *2-3 (W.D. Pa. June 8, 2026). As such, the Court will evaluate the following four *German Santos* factors to determine which party bears the burden of proof in this initial bond hearing: (i) the duration of detention; (ii) whether the detention is likely to continue; (iii) reasons for the delay; and (iv) whether the detainee's conditions of confinement are "meaningfully different from criminal punishment." *German Santos*, 965 F.3d at 210-11.

First, when considering whether detention has become unreasonable, "[t]he most important factor is the duration of detention." *See id.* at 211. While there is no bright-line threshold of time that permits a court to presume that detention has crossed the line from reasonable to unreasonable, detention does become "'more and more suspect'" the longer it continues. *See id*. (quoting *Diop v. ICE/Homeland Sec*., 656 F.3d 221, 234 (3d Cir. 2011)). In particular, "[c]ourts within this circuit have previously found detention for over one year weighs in favor of the petitioner." *See Nyamekye v. Oddo*, No. CV 22-240J, 2023 WL 9271844, at *3 (W.D. Pa. Mar. 28, 2023), R&R adopted, No. CR 3:22-CV-240, 2023 WL 9271879 (W.D. Pa. May 4, 2023).

Here, Petitioner has been detained for over fifteen months. *See* ECF No. 1, p. 5; ECF No. 6, p. 1. This duration is longer than the detention period which triggered burden-shifted bond hearings for other § 1226(a) petitioners before this Court. *See Bah*, 2026 WL 2561261 (eleven months); *Sow v. Acting Field Off. Dir. of Pa. Immigr. & Customs Enf't.*, No. 3:26-CV-888, 2026 WL 3211730 (W.D. Pa. Oct. 27, 2026) (one year). Thus, this first factor weighs strongly in favor of Petitioner.

Next, when evaluating the second factor, a habeas court must consider "whether the detention is likely to continue." *German Santos*, 965 F.3d at 211. Here, Petitioner asserts that his detention will continue with "no end in sight" while the BIA appeal is pending (*see* ECF No. 1, p. 14-15), and Respondents contend that Petitioner's appeal "permits ICE to keep him detained pending the outcome of that decision." ECF No. 6, p. 5.[2] Therefore, this factor weighs in Petitioner's favor. *See German Santos*, 965 F.3d at 212 (concluding that this factor weighed in the petitioner's favor where the petitioner was awaiting BIA decision and potential Third Circuit review).

Third, in assessing the impact of the reasons for delay upon the reasonableness of detention, a petitioner's "appeals and applications for discretionary relief [are not held] against him[.]" *Id.* However, neither are delays or alleged errors held against the government "[a]bsent carelessness or bad faith[;]" for "[n]o system of justice can be error-free, and those errors require time to fix."

[2] In addressing this factor in their response, Respondents also assert that "the findings by the IJ that the Petitioner is the subject of a national security investigation, and was wanted at one point in time by the Russian government for human trafficking likely bars him from obtaining bond even if this Court were to grant him a bond hearing." ECF No. 6, p. 5. However, Petitioner's likelihood of obtaining bond has no impact on the Court's analysis of due process under *German Santos*. *See generally German Santos*, 965 F.3d at 211.

*Id.* (citing *Diop*, 656 F.3d at 234). Here, the parties do not allege any delays by the other party. *See* ECF No. 1, p. 14; ECF No. 6, p. 5. As such, this factor remains neutral.

Finally, when assessing the reasonableness of a petitioner's detention, "we cannot ignore the conditions of confinement." *German Santos*, 965 F.3d at 212-13 (citing *Chavez-Alvarez*, 783 F.3d at 478). In particular, a district court must examine the factual circumstances particular to the petitioner in order to assess whether "his detention is indistinguishable from criminal punishment[,]" "[d]espite its civil label[.]" *See id.* at 210.

Here, Petitioner contends that "the conditions at MVPC are very much like prison" and describes them as follows: "lack of interpretation services[,]" "lack of sleep due to constant noise and people fighting all the time[,]" "expired and inedible food choices[,]" "being housed in a crowded unit with more than 60 people in his unit, alongside gang members and other individuals who seem dangerous[,]" and "delayed access to medical treatment and mental health care." ECF No. 1, p. 14. In turn, Respondents argue that "his conditions of confinement are no different from hundreds of other detainees and are not akin to criminal punishment." ECF No. 6, p. 6. In other words, Respondents seem to admit that MVPC is a place where hundreds of detainees are denied access to timely medical care and interpretation, served expired food, and detained with individuals of varying dangerousness. As such, this factor weighs in Petitioner's favor.

In conclusion, because three factors weigh in Petitioner's favor, while one remains neutral, the Court finds, based upon the specific facts of the detention before it and underneath the standard set within *German Santos*, that Petitioner's detention has become unreasonable.[3] Thus, the burden

[3] Like other District courts in this Circuit, the Court finds that Petitioner may only appropriately be afforded a constitutionally adequate bond hearing before an immigration judge, rather than being granted immediate release. *See*

of proof at the initial bond hearing will be placed upon the Government. "To justify [Petitioner's] continued detention," "the Government must put forth clear and convincing evidence" to "support a finding that continued detention is needed to prevent him from fleeing or harming the community[;]" "[i]f it cannot, it must release him." *German Santos*, 965 F.3d at 213-14 (citing *Chavez-Alvarez*, 783 F.3d at 477-78).

Therefore, for the reasons set forth herein, the Court will **GRANT** Petitioner's Habeas Petition (ECF No. 1), in so much as it requests that this Court direct that he be afforded a constitutionally adequate bond hearing before an immigration judge with the Government bearing the burden of proof and will **DENY** the Petition in all other respects.

Accordingly, this 10th day of November 2026, it is hereby **ORDERED** as follows:

1. Petitioner's Habeas Petition is **GRANTED IN PART** in so much as it requests that this Court order that he be afforded a constitutionally adequate bond hearing before an immigration judge.
2. Respondents shall provide Petitioner with a constitutionally adequate bond hearing before a neutral immigration judge within thirty (30) days of the entry of this Order. This timeline may be extended by Petitioner upon a motion to the immigration judge.
3. At this bond hearing, the Government must put forth clear and convincing evidence to support a finding that continued detention is needed to prevent Petitioner from fleeing or harming the community.
4. Petitioner's Habeas Petition (ECF No. 1) is **DENIED** in all other respects.

---

*German Santos*, 965 F.3d at 210, 214 ("[W]hen detention becomes unreasonable, the Due Process Clause demands a bond hearing." (quoting *Diop*, 656 F.3d at 233)); *Bah*, 2026 WL 2561261 at *4.

5. With no further action required by the Court at this time, the Clerk of Court shall mark this matter closed.

DATED: November 10, 2026

Marilyn J. Horan
United States District Court Judge